EXHBIIT A

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|

| **STATE OF MICHIGAN** | | **CASE NO.** |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS** | 22-          -NF |
| 22nd   **JUDICIAL CIRCUIT** | | **22-000834-NF** |
| **COUNTY PROBATE** | | |

| Court address | Court telephone no. |
|---|---|
| 101 E Huron St, Ann Arbor, MI 48104 | (734) 222-3001 |

| Plaintiff's name(s), address(es), and telephone no(s).<br>RESILIENT LIFE CARE, LLC (Olya Stevens) | | Defendant's name(s), address(es), and telephone no(s).<br>ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY<br>c/o Resident Agent<br>The Corporation Company<br>40600 Ann Arbor Rd., E., Suite 201<br>Plymouth, MI 48170 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Martin A. Hogg  P7613<br>28470 W. 13 Mile Rd., Ste. 300<br>Farmington Hills, MI 48334<br>(248) 945-1040<br>mhogg@msapc.net | v | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☑ is no longer  pending.

Summons section completed by court clerk.      **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date*<br>09-29-2022 | Court clerk   /s/ Kim Plumb<br>July 17 2022 |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (9/19)  **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Ingestion Date: 22 Sep 2022

| PROOF OF SERVICE | SUMMONS |
|---|---|
| | Case No. 22-                              -NF |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
                          List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                                          Date

My commission expires: _____  Signature: _____
                                      Date                                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                              Attachments

_____ on _____
                                                Day, date, time

_____ on behalf of _____ .
Signature

Approved, SCAO

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS** | 22-          -NF |
| 22nd **JUDICIAL CIRCUIT** | | 22-000834-NF |
| **COUNTY PROBATE** | | |

| Court address | Court telephone no. |
|---|---|
| 101 E Huron St, Ann Arbor, MI 48104 | (734) 222-3001 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| RESILIENT LIFE CARE, LLC (Olya Stevens) | v | ESMI AUTO INSURANCE COMPANY<br>c/o Resident Agent<br>The Corporation Company<br>40600 Ann Arbor Rd., E., Suite 201<br>Plymouth, MI 48170 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Martin A. Hogg  P7613<br>28470 W. 13 Mile Rd., Ste. 300<br>Farmington Hills, MI 48334<br>(248) 945-1040<br>mhogg@msapc.net | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☑ is no longer  pending.

Summons section completed by court clerk.    | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date*<br>09-29-2022 | Court clerk  Kim Plumb<br>July 17 2022 |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01**  (9/19)  **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Ingestion Date: 22 Sep 2022

**PROOF OF SERVICE**

| SUMMONS |
|---|
| Case No. 22- _____ -NF |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature _____ |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | **TOTAL FEE** $ | Name (type or print) _____ |
| | | | | Title _____ |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                                                Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____ .
Signature

**Ingestion Date: 22 Sep 2022**

Approved, SCAO

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **22nd** JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY PROBATE | **SUMMONS** | 22- -NF **22-000834-NF** |

| Court address | Court telephone no. |
|---|---|
| 101 E Huron St, Ann Arbor, MI 48104 | (734) 222-3001 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| RESILIENT LIFE CARE, LLC (Olya Stevens) | v | ESURANCE INSURANCE COMPANY c/o Resident Agent The Corporation Company 40600 Ann Arbor Rd., E., Suite 201 Plymouth, MI 48170 |
| Plaintiff's attorney, bar no., address, and telephone no. Martin A. Hogg  P7613 28470 W. 13 Mile Rd., Ste. 300 Farmington Hills, MI 48334 (248) 945-1040 mhogg@msapc.net | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☑ is no longer  pending.

Summons section completed by court clerk. | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* 09-29-2022 | Court clerk /s/ Kim Plumb July 172022 |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01**  (9/19)  **SUMMONS**

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Ingestion Date: 22 Sep 2022

| **PROOF OF SERVICE** | **SUMMONS** |
| --- | --- |
| | Case No.22-                      -NF |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
| --- | --- | --- |
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
| --- | --- | --- | --- | --- |
| Incorrect address fee $ | Miles traveled | Fee $ | **TOTAL FEE** $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____ .
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

22-000834-NF

RESILIENT LIFE CARE, LLC
(Olya Stevens)

Case No.: 22-          -NF

Hon.: JUDGE PATRICK J.
CONLIN, JR.

               Plaintiff,

vs

ESURANCE INSURANCE COMPANY,
ESURANCE PROPERTY AND CASUALTY
INSURANCE COMPANY, and ESMI AUTO
INSURANCE COMPANY,

               Defendants.

---

MILLER & TISCHLER, P.C.
MARTIN A. HOGG (P76312)
Attorney for Plaintiff Resilient
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI 48334
(248) 945-1040 / (248) 536-5042 Fax
Email: mhogg@msapc.net

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.*

/s/ Martin A. Hogg
Attorney for Plaintiff

---

## **PLAINTIFF'S COMPLAINT**

Plaintiff, Resilient Life Care, LLC (Resilient), states:

### **NATURE OF THE CLAIM**

1.     This is an action for no-fault automobile insurance benefits. Resilient has incurred

expenses for reasonably necessary products, services, and accommodations that Resilient provided

to Olya Stevens ("Patient") who was injured in a motor vehicle accident within the meaning of the

Michigan No-Fault Act, MCL 500.3101 *et seq*. Defendants have not paid to Resilient the correct

and reasonable amounts allowed under the no-fault law. Resilient seeks full reimbursement for its

outstanding charges as well as all applicable no-fault penalties.

1

FILED IN Washtenaw County Trial Court; 6/30/2022 3:35 PM

**THE PARTIES**

2.      Plaintiff, Resilient is a foreign limited liability company registered to do business in Michigan. Resilient provides specialized clinical, therapeutic, and rehabilitative residential services.

3.      Defendants, Esurance Insurance Company and Esurance Property and Casualty Insurance Company (herein collectively "Esurance"), are insurance companies that conduct continuous business in Ann Arbor, Washtenaw County, Michigan.

4.      Defendant, ESMI Auto Insurance Company ("ESMI"), is an insurance company that conducts continuous business in Ann Arbor, Washtenaw County, Michigan.

5.      Esurance and/or ESMI is the no-fault automobile insurer responsible to pay benefits for the Patient, either by way of contract (a copy of which is in Esurance's and/or ESMI's possession) or by statute.

**JURISDICTIONAL AVERMENTS**

6.      Jurisdiction is proper in this Court as the amount in controversy exceeds $25,000 and because declaratory relief is sought.

7.      Venue is proper in this Court because Defendants conduct business in Ann Arbor, Washtenaw County, Michigan.

**STANDING**

8.      Resilient brings this action pursuant to a right of direct action under MCL 500.3112.

**COUNT I- BREACH OF THE NO-FAULT CONTRACT AND/OR LAW**

9.      Paragraphs 1-8 are reincorporated as if fully set forth herein.

10.     The Patient sustained accidental bodily injury arising out of an August 6, 2016 motor vehicle accident within the meaning of the Michigan No-Fault Act, MCL 500.3101, *et seq.*

Ingestion Date: 22 Sep 2022

11.     Resilient rendered services to the Patient from July 1, 2021 through March 26, 2022.   Resilient's services were reasonably necessary for the Patient's care, recovery or rehabilitation.

12.     Resilient is allowed $216,104.00 under §3157(7) of the amended no-fault law (if applicable to pre-June 11, 2019 motor vehicle accidents) for services rendered to the Patient. Esurance and/or ESMI paid $137,591.00. The unpaid balance is therefore $78,513.00. **(See Exhibit A)**.

13.     Resilient submitted reasonable proof of the fact and of the amount of loss to Esurance and/or ESMI and demanded payment for services rendered. Esurance and/or ESMI has failed to fully reimburse Resilient for services rendered to the Patient, in violation of its contractual and/or statutory obligation to provide no-fault benefits.

14.     Esurance's and/or ESMI's actions in withholding and/or delaying payment are a breach of its contractual and/or statutory obligation to promptly pay benefits for the aforementioned Patient.

15.     Esurance's and/or ESMI's actions in withholding and/or delaying payment render the payments "overdue" and not reasonably in dispute, thereby subjecting Esurance and/or ESMI to liability for no-fault penalty interest, pursuant to MCL 500.3142.

16.     Esurance's and/or ESMI's actions in withholding and/or delaying payment are unreasonable within the meaning of the No-Fault Act and subject Esurance and/or ESMI to liability for no-fault penalty attorney's fees, pursuant to MCL 500.3148.

WHEREFORE, Plaintiff, Resilient, respectfully requests that this Honorable Court:

a.     Adjudicate Esurance's and/or ESMI's liability to Resilient for no-fault benefits to which it is entitled;

Ingestion Date: 22 Sep 2022

b.    Grant judgment against Esurance and/or ESMI for whatever amount of damages to which Resilient is found to be entitled, plus costs, RJA interest, and no-fault penalty interest pursuant to MCL 500.3142;

c.    Hold Esurance's and/or ESMI's failure to make full payment as unreasonable pursuant to MCL 500.3148, and order that Esurance and/or ESMI pay penalty attorney fees to Resilient; and

d.    Grant such other and further relief as the Court deems just and proper.

## COUNT II- CLAIM FOR DECLARATORY RELIEF

17.    Paragraphs 1-16 are reincorporated as if fully set forth herein.

18.    Amended MCL 500.3157 does not provide for retroactive application of its fee cap provisions to those injured before the effective date of the law.

19.    Amended §3157 unconstitutionally deprives the benefit of the bargain to those who are entitled to receive no-fault insurance benefits under insurance contracts purchased and vested before the effective date of the revisions to the no-fault law (June 11, 2019).

WHEREFORE, Plaintiff, Resilient, seeks a declaration that Resilient is entitled to reimbursement of its charges (detailed in **Exhibit A**) using only the "reasonable charge" standard (without further reduction). Alternatively, if this (or an Appellate) Court finds that amended §3157 is retroactive and constitutional, Resilient seeks a declaration that it is entitled to reimbursement at 55% of the charges detailed in Resilient's January 1, 2019 charge description master, as further adjusted by the applicable Medical Care component of the Consumer Price Index.

Respectfully submitted,

MILLER & TISCHLER, P.C.

/s/ Martin A. Hogg
BY: MARTIN A. HOGG (P76312)
Attorney for Plaintiff Resilient
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI 48334
Dated: June 29, 2022         (248) 945-1040; (248) 536-5042 fax

Ingestion Date: 22 Sep 2022

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

22-000834-NF

RESILIENT LIFE CARE, LLC

(Olya Stevens)

                    Plaintiff,

vs

ESURANCE INSURANCE COMPANY,
ESURANCE PROPERTY AND CASUALTY
INSURANCE COMPANY, and ESMI AUTO
INSURANCE COMPANY,

                    Defendants.

Case No.: 22-          -NF

Hon.: JUDGE PATRICK J.
         CONLIN, JR.

---

MILLER & TISCHLER, P.C.
MARTIN A. HOGG (P76312)
Attorney for Plaintiff Resilient
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI 48334
(248) 945-1040 / (248) 536-5042 Fax
Email: mhogg@msapc.net

---

### **PLAINTIFF'S JURY DEMAND**

Plaintiff, Resilient Life Care, LLC, hereby demands a trial by jury in the above-captioned

lawsuit.


                              Respectfully submitted,

                              MILLER & TISCHLER, P.C.

                              /s/ Martin A. Hogg
                              BY: MARTIN A. HOGG (P76312)
                              Attorney for Plaintiff Resilient
                              28470 W. 13 Mile Road, Suite 300
                              Farmington Hills, MI 48334
Dated: June 29, 2022          (248) 945-1040; (248) 536-5042 fax

FILED IN Washtenaw County Trial Court; 6/30/2022 3:35 PM

Ingestion Date: 22 Sep 2022

# Exhibit A

Ingestion Date: 22 Sep 2022

**ESURANCE-ESMI**

| Patient Name | Claim No. | Amount Allowed | Payments | Balance |
|---|---|---|---|---|
| 3680 - Olya Stevens | TXA0171970 | 216,104 | 137,591 | 78,513 |
| Grand Total | | 216,104 | 137,591 | 78,513 |

Ingestion Date: 22 Sep 2022

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

RESILIENT LIFE CARE, LLC
(Olya Stevens)

        Plaintiff,                           Case No. 22-000834-NF
                                               Hon. Patrick J. Conlin Jr.

-v-

ESURANCE INSURANCE COMPANY,
ESURANCE PROPERTY AND CASUALTY
INSURANCE COMPANY, and ESMI AUTO
INSURANCE COMPANY,

        Defendants.

_____/

| MARTIN A. HOGG (P76312) | A. ADAM POST, II (P75321) |
|---|---|
| Miller & Tischler, P.C. | Zausmer, P.C. |
| Attorney for Plaintiff | Attorney for Defendants Esurance |
| 28470 W. 13 Mile Road, Suite 300 | 32255 Northwestern Highway, Suite 225 |
| Farmington Hills, MI 48334 | Farmington Hills, MI  48334-1574 |
| (248) 945-1040 Fax: (248) 536-5042 | (248) 851-4111 Fax: (248) 851-0100 |
| mhogg@msapc.net | apost@zausmer.com |

_____/

### **APPEARANCE**

TO:    Clerk of the Court
          Counsel of Record

      NOW COMES A. Adam Post, II of Zausmer, P.C., and hereby enters his Appearance as

counsel on behalf of Defendants, ESURANCE INSURANCE COMPANY, ESURANCE

PROPERTY AND CASUALTY INSURANCE COMPANY, in the above-referenced matter.

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

Respectfully submitted,

ZAUSMER, P.C.

*/s/A. Adam Post, II*
A. ADAM POST, II (P75321)
Attorney for Defendant
32255 Northwestern Hwy., Ste. 225
Farmington Hills, MI  48334
(248) 851-4111  Fax: (248) 851-0100
Date:   October 17, 2022                          apost@zausmer.com

**PROOF OF SERVICE**

The undersigned certifies that on  October 17, 2022 she served
a copy of the foregoing document upon all counsel of record,
via:

_____ First Class Mail          _____ Hand Delivery
_____ Facsimile                    _____ Overnight Courier
_____ Email                      __XX__ MiFile

_____ */s/ Hope Houle* _____
HOPE HOULE

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

{04557858}

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

RESILIENT LIFE CARE, LLC
(Olya Stevens)

        Plaintiff,                    Case No. 22-000834-NF
                                            Hon. Patrick J. Conlin Jr.

-v-

ESURANCE INSURANCE COMPANY,
ESURANCE PROPERTY AND CASUALTY
INSURANCE COMPANY, and ESMI AUTO
INSURANCE COMPANY,

        Defendants.

_____/

| | |
|---|---|
| MARTIN A. HOGG (P76312) | A. ADAM POST, II (P75321) |
| Miller & Tischler, P.C. | Zausmer, P.C. |
| Attorney for Plaintiff | Attorney for Defendants Esurance |
| 28470 W. 13 Mile Road, Suite 300 | 32255 Northwestern Highway, Suite 225 |
| Farmington Hills, MI 48334 | Farmington Hills, MI  48334-1574 |
| (248) 945-1040 Fax: (248) 536-5042 | (248) 851-4111 Fax: (248) 851-0100 |
| mhogg@msapc.net | apost@zausmer.com |

_____/

**DEFENDANTS, ESURANCE INSURANCE COMPANY, ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF' S COMPLAINT**

      NOW COMES Defendants, ESURANCE INSURANCE COMPANY, ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY, by and through their attorneys, ZAUSMER, P.C., and for their Answer to Complaint, states as follows:

**NATURE OF CLAIM**

    1.  That in answer to paragraph 1, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

**THE PARTIES**

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574
146 Monroe Center St., NW, Suite 1200, Grand Rapids, MI 49503-2844

2.   That in answer to paragraph 2, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

3.   That in answer to paragraph 3, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

4.   That in answer to paragraph 4, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

**5.**   That in answer to paragraph 5, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

## JURISDICTIONAL AVERMENTS

6.   That in answer to paragraph 6, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

7.   That in answer to paragraph 7, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

## STANDING

8.   That in answer to paragraph 8, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

## COUNT I: BREACH ON THE NO-FAULT CONTRACT AND/OR LAW

9.   That in answer to paragraph 9, Defendant repeats and realleges its answers to paragraphs 1 though 8 above, as is specifically repeated herein, word for word and paragraph by paragraph.

10. That in answer to paragraph 10, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

11. That in answer to paragraph 11, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574
146 Monroe Center St., NW, Suite 1200, Grand Rapids, MI 49503-2844

12. That in answer to paragraph 12, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

13. That in answer to paragraph 13, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

14. That in answer to paragraph 14, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

15. That in answer to paragraph 15, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

16. That in answer to paragraph 16, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

WHEREFORE, Defendants denies that Plaintiff is entitled to judgement against them in any sum of money and prays that Plaintiff's case of action be dismissed and Defendant be awarded costs and reasonable attorney fees.

## COUNT II: CLAIM FOR DECLARATORY RELIEF

17. That in answer to paragraph 17, Defendant repeats and realleges its answers to paragraphs 1 though 16 above, as is specifically repeated herein, word for word and paragraph by paragraph.

18. That in answer to paragraph 18, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

19. That in answer to paragraph 19, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegation

WHEREFORE, Defendants denies that Plaintiff is entitled to judgement against them in any sum of money and prays that Plaintiff's case of action be dismissed and Defendant be awarded costs and reasonable attorney fees.

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574
146 Monroe Center St., NW, Suite 1200, Grand Rapids, MI 49503-2844

Respectfully submitted,

ZAUSMER, P.C.

*/s/A. Adam Post, II*
A. ADAM POST, II (P75321)
Attorney for Defendant
32255 Northwestern Hwy., Ste. 225
Farmington Hills, MI  48334
(248) 851-4111  Fax: (248) 851-0100

Date:   October 17, 2022         apost@zausmer.com

**PROOF OF SERVICE**

The undersigned certifies that on  October 17, 2022   she
served a copy of the foregoing document upon all counsel of
record, via:

_____ First Class Mail          \_\_\_\_\_ Hand Delivery
\_\_\_\_\_ Facsimile               \_\_\_\_\_ Overnight Courier
_____ Email                 XX   MiFile

             */s/ Hope Houle*
              HOPE HOULE

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574
146 Monroe Center St., NW, Suite 1200, Grand Rapids, MI 49503-2844

{04557910}

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

RESILIENT LIFE CARE, LLC
(Olya Stevens)

        Plaintiff,                    Case No. 22-000834-NF
                                                Hon. Patrick J. Conlin Jr.

-v-

ESURANCE INSURANCE COMPANY,
ESURANCE PROPERTY AND CASUALTY
INSURANCE COMPANY, and ESMI AUTO
INSURANCE COMPANY,

        Defendants.

_____/

MARTIN A. HOGG (P76312)         A. ADAM POST, II (P75321)
Miller & Tischler, P.C.              Zausmer, P.C.
Attorney for Plaintiff                Attorney for Defendants Esurance
28470 W. 13 Mile Road, Suite 300     32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334         Farmington Hills, MI 48334-1574
(248) 945-1040 Fax: (248) 536-5042  (248) 851-4111 Fax: (248) 851-0100
mhogg@msapc.net                 apost@zausmer.com

_____/

## **AFFIRMATIVE DEFENSES**

NOW COMES the Defendants, ESURANCE INSURANCE COMPANY, ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY, by and through its attorneys, ZAUSMER, P.C., and for its Affirmative Defenses lists the following:

1. The Michigan No-Fault Act bars the assignment of future benefits. MCL 500.3143.

2.     Plaintiff's Complaint fails as a matter of law because Plaintiff is not a third-party beneficiary under the subject insurance policy.

3.     Plaintiff's claim fails as a matter of law if Plaintiff did not attach the assignment contract on which its claim is allegedly based, as required by MCR 2.113(F)(1).

{04557915}

4.      Plaintiff's assignment is invalid as a matter of law if it does not manifest the patient's intent to transfer the subject matter clearly and unconditionally to Plaintiff.

5.      There is no genuine issue as to any material fact and Defendant is entitled to judgment as a matter of law.  MCR 2.116(C)(10).

6.      Plaintiff's Complaint fails to state a claim upon which relief can be granted. MCR 2.116(C)(8).

7.      All reasonable and necessary benefits have been paid, and Defendant owes no further obligation to Plaintiff or to the patient.

8.      Plaintiff's Complaint fails as a matter of law because it is derivative of the no-fault claim of the patient, who was not involved in or injured in the motor vehicle accident as alleged, such that Plaintiff herein has/had no basis to provide medical treatment.  Plaintiff, therefore, is not entitled to any proceeds from Defendant.

9.      If discovery reveals that some or all of Plaintiff's claim is fraudulent or so excessive as to have no reasonable foundation in fact or law, including because the patient was not involved in or injured in the motor vehicle accident as alleged or because any injuries have or should have long since resolved such that Plaintiff has no basis to be providing additional medical treatment, then Defendant is entitled to a reasonable attorney's fee under MCL 500.3148(2).

10.     The patient and Plaintiff failed to use proper care and mitigate their damages and, therefore, Plaintiff may not be compensated for damages which result from the failure to use such care.

11.     Plaintiff's Complaint fails as a matter of law if Plaintiff did not provide written notice of loss within one year of the date of loss or due to expiration of the statute of limitations. MCL 500.3145.

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

{04557915}

12.     If Plaintiff's damages were incurred more than one year before suit was filed, then some or all of Plaintiff's damages will be barred as a matter of law due to what is commonly known as the "one year back rule" set forth within MCL 500.3145.

13.     Plaintiff's claim fails as a matter of law under MCL 500.3145 because Plaintiff failed to pursue the claim with reasonable diligence.

14.     Plaintiff's Complaint fails as a matter of law because Plaintiff's claim is derivative of the no-fault claims of the patient.  If the claim of the patient has a dispositive defect, such as coverage, violation of the statute of limitations, violation of the "one year back rule," etc., Plaintiff's Complaint similarly fails due to its derivative nature.

15.     Plaintiff has failed to support its claim with reasonable proof as to the fact and amount of loss.  MCL 500.3142.

16.     The benefits claimed due by Plaintiff are not past due, as those benefits have not yet accrued.  MCL 500.3142(1).

17.     The benefits claimed by Plaintiff are not past due, as Plaintiff has not provided Defendant with the required proof as to the reasonable necessity and amount of the alleged past due benefits.

18.     Plaintiff's claim for interest and attorney's fees is barred as Plaintiff and the patient failed to comply with MCL 500.3142.

19.     Michigan law forbids a party from receiving exemplary or punitive damages for the breach of a personal protection insurance contract.

20.     Plaintiff's benefits are not past due, nor did Defendant unreasonably delay, or refuse to pay, those benefits as a reasonable question of entitlement or law existed regarding Plaintiff or the patient's claim, and Plaintiff is not entitled to attorney's fees.  MCL 500.3148(1).

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

{04557915}

21.     The benefits sought by Plaintiff are unreasonable, unnecessary, or excessive, and are in contravention of the Michigan No-Fault Act. MCL 500.3107(a) and 500.3157.

22.     Defendant has complied with each applicable statute and insurance policy provision in the payment of the benefits sought by Plaintiff.

23.     Defendant is entitled to any set off, deduction, and limitation applicable to the payment of personal protection insurance benefits, as provided by the Michigan No-Fault Act.

24.     Plaintiff's Complaint fails as a matter of law under the doctrines of *res judicata* or collateral estoppel.

25.     Some or all of the charges submitted by Plaintiff are subject to a usual and customary reduction under the No-Fault Act such that the amount submitted by Plaintiff is exorbitant.

26.     Plaintiff lacks the legal capacity to sue, as the patient did not suffer an accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle, as required by MCL 500.3105(1).

27.     The injuries for which benefits are sought were not proximately caused by the accident complained of by the patient.

28.     A bona fide factual uncertainty exists as to whether or not Plaintiff is entitled to the receipt of any personal injury protection benefits, and, therefore, Defendant leaves Plaintiff to its proofs.

29.     Plaintiff or the patient concealed or misrepresented material facts and information, engaged in fraudulent conduct, or made false or fraudulent statements, in an effort to wrongfully obtain no-fault benefits and defraud Defendant.  These include, but are not limited to, the patient's claims as to his/her injuries, misrepresentations regarding his/her abilities following the accident,

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

and misrepresentations regarding the reasonableness and medical necessity of the medical treatment at issue. These misrepresentations bar the claim under the terms of the policy and Michigan common law.

30. Plaintiff has failed to prove its entitlement to benefits from Defendant, consistent with the order of priorities listed in MCL 500.3114 and 500.3115.

31. If the patient is a named excluded driver on the subject insurance policy and the patient was the owner or registrant of the vehicle involved in the subject accident, the patient would be considered uninsured and, therefore, neither the patient nor Plaintiff would not be entitled to PIP benefits under MCL 500.3113(b).

32. The termination or denial of some or all of the patient's personal protection insurance benefits was based on a good faith question of constitutionality, statutory construction, or a bona fide factual uncertainty, and Plaintiff's claims for interest and attorney's fees are therefore barred.

33. All injuries and claims for damages are due to pre-existing injuries or problems.

34. The patient has a coordinated policy of insurance with Defendant, and Defendant's duty to reimburse Plaintiff has not arisen, as primary coverage from the patient's other insurer has not been sought.

35. If discovery reveals that service of process of the Summons and Complaint on Defendant was deficient, then Plaintiff's claims will be barred.

36. Plaintiff's Complaint is barred in whole or in part by the language of the subject policy of insurance.

37. Plaintiff's Complaint is barred in whole or in part due to Plaintiff or the patient's failure to satisfy all conditions set forth within the subject policy of insurance.

38.     If the patient fails to appear for an independent medical evaluation in violation of both MCL 500.3151 and the subject policy of insurance, Defendant will be entitled to suspend all personal protection insurance benefits under *Roberts v Farmers Ins Exchange*, 275 Mich App 58, 737 NW2d 332 (2007).

39.     Each reasonably necessary benefit sought by Plaintiff as a result of the alleged accident has been paid for by Defendant in accord and satisfaction of the contract of insurance between the parties.

40.     Plaintiff's claim is barred under MCL 500.3112, as Defendant has already paid personal protection insurance benefits in good faith.  Defendant is therefore discharged from further liability to Plaintiff.

41.     If the patient executes a release, Plaintiff's claims will be barred and Defendant will be entitled to summary disposition MCR 2.116(C)(7).

42.     If discovery reveals that the patient, in contravention of the Michigan No-Fault Act, was using a motor vehicle that the patient had taken unlawfully, Plaintiff will be barred from any form of recovery.  MCL 500.3113(a).

43.     Defendant gives notice that it may rely on all applicable provisions of the Michigan No-Fault Act, MCL 500.3101 *et seq.*, as affirmative or other defenses in this case.

44.     Defendant reserves the right to add to and amend these Affirmative Defenses as additional facts and information are uncovered during discovery.

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

Respectfully submitted,

ZAUSMER, P.C.

*/s/A. Adam Post, II*
A. ADAM POST, II (P75321)
Attorney for Defendant
32255 Northwestern Hwy., Ste. 225
Farmington Hills, MI  48334
(248) 851-4111  Fax: (248) 851-0100
Date:   October 17, 2022          apost@zausmer.com

**PROOF OF SERVICE**

The undersigned certifies that on October 17, 2022  she served
a copy of the foregoing document upon all counsel of record,
via:

| | | |
|---|---|---|
| _____ First Class Mail | _____ Hand Delivery |
| _____ Facsimile | _____ Overnight Courier |
| _____ Email | __XX__ MiFile |

*/s/ Hope Houle*
HOPE HOULE

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

{04557915}

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

RESILIENT LIFE CARE, LLC
(Olya Stevens)

        Plaintiff,                             Case No. 22-000834-NF
                                                           Hon. Patrick J. Conlin Jr.

-v-

ESURANCE INSURANCE COMPANY,
ESURANCE PROPERTY AND CASUALTY
INSURANCE COMPANY, and ESMI AUTO
INSURANCE COMPANY,

        Defendants.

_____/

| | |
|---|---|
| MARTIN A. HOGG (P76312) | A. ADAM POST, II (P75321) |
| Miller & Tischler, P.C. | Zausmer, P.C. |
| Attorney for Plaintiff | Attorney for Defendants Esurance |
| 28470 W. 13 Mile Road, Suite 300 | 32255 Northwestern Highway, Suite 225 |
| Farmington Hills, MI 48334 | Farmington Hills, MI  48334-1574 |
| (248) 945-1040 Fax: (248) 536-5042 | (248) 851-4111 Fax: (248) 851-0100 |
| mhogg@msapc.net | apost@zausmer.com |

_____

## **RELIANCE ON JURY DEMAND**

     NOW COMES the Defendants, ESURANCE INSURANCE COMPANY, ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY, by and through its attorneys, ZAUSMER, P.C., and hereby relies upon the Jury Demand previously filed in the above-entitled cause of action.

Respectfully submitted,

ZAUSMER, P.C.

*/s/A. Adam Post, II*
A. ADAM POST, II (P75321)
Attorney for Defendant
32255 Northwestern Hwy., Ste. 225
Farmington Hills, MI  48334
(248) 851-4111  Fax: (248) 851-0100
apost@zausmer.com

Date:   October 17, 2022

**PROOF OF SERVICE**

The undersigned certifies that on October 17, 2022 she served
a copy of the foregoing document upon all counsel of record,
via:

| | | |
|---|---|---|
| _____ First Class Mail | _____ Hand Delivery |
| _____ Facsimile | _____ Overnight Courier |
| _____ Email | __XX__ MiFile |

*/s/ Hope Houle*
HOPE HOULE

Zausmer, P.C.
32255 Northwestern Highway, Suite 225, Farmington Hills, MI 48334-1574

{04557967}