UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RESILENT LIFE CARE, LLC,

    Plaintiff,

v.

                                                  Case No. 22-cv-12554
                                                  Hon. Matthew F. Leitman

ESURANCE INSURANCE COMPANY, et al.,

    Defendant.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND (ECF No. 4) AND VACATING ORDER TO SHOW CAUSE (ECF No. 5)

Plaintiff initially filed this action in the Washtenaw County Circuit Court. Defendant removed the action to this Court on October 24, 2022. (*See* Notice of Removal, ECF No. 1.)  Plaintiff thereafter filed a Motion to Remand the action on the ground that the Notice of Removal was not timely filed. (*See* Mot., ECF No. 4.) In response to the Motion to Remand, Defendant demonstrated that (1) Plaintiff's Complaint did not contain sufficient information to enable Defendant to determine whether the action was removable and (2) therefore, contrary to Plaintiff's contention, the time period for removal did not begin to run on the date that Defendant was served with the Complaint. (*See* Resp., ECF No. 6.)  Plaintiff did not file a reply addressing Defendant's arguments in opposition to the Motion to Remand.

1

The Court will **DENY** the Motion to Remand. The Sixth Circuit explained the governing rule in *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352 (6th Cir. 2015). In that case, the Sixth Circuit explained:

> A defendant removing an action to federal court must file a notice of removal. *Id.* § 1446(a). Generally, the defendant must file the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1). The 30–day period in § 1446(b)(1) starts to run only if the initial pleading contains "solid and unambiguous information that the case is removable." *Holston v. Carolina Freight Carriers Corp.,* No. 90–1358, 1991 WL 112809, at *3 (6th Cir. June 26, 1991) (per curiam). If the initial pleading lacks solid and unambiguous information that the case is removable, the defendant must file the notice of removal "within 30 days after receipt ... of a copy of an amended pleading, motion, order or other paper" that contains solid and unambiguous information that the case is removable. *See* 28 U.S.C. § 1446(b)(3); *see also Walker v. Philip Morris USA, Inc.,* 443 Fed.Appx. 946, 950 (6th Cir.2011). Section 1446(b)'s requirement of solid and unambiguous information is akin to actual notice. *Cf. Peters v. Lincoln Elec. Co.,* 285 F.3d 456, 466 (6th Cir.2002) (citation omitted) (internal quotation marks omitted) ("The intent of § 1446(b) is to make sure that a defendant has an opportunity ... to remove upon being given notice in the course of the case that the right exists."); Charles Alan Wright et al., 14C *Federal Practice and Procedure* § 3731 (4th ed. 2009) ("The statute requires 'an amended pleading, motion, order, or other paper' to act as a trigger to commence the running of a new 30–day period once the defendant has received actual notice, through one of the

documents described in Section 1446(b), that a previously unremovable case has become removable.").

*Id. at 364.* Here, Plaintiff has not even attempted to rebut Defendant's showing that the Complaint did not contain "solid and unambiguous information" putting Defendant on notice that the action was removable. Thus, Plaintiff has failed to show that the time for removal began to run upon Defendant's receipt of the Complaint. Since Plaintiff's Motion to Remand rests upon that premise – i.e., that the time for removal began upon Defendant's receipt of the Complaint – the motion must fail.

In addition, the Court VACATES its prior Order to Show Cause (ECF No. 5.)

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 14, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 14, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

3